```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                                Case No. 16-05051-RNO
Gary L Lynn                                                           Chapter 13
        Debtor                        CERTIFICATE OF NOTICE
District/off: 0314-4           User: AutoDocke            Page 1 of 1                   Date Rcvd: Apr 15, 2020
                               Form ID: 3180W             Total Noticed: 16

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 17, 2020.
db             #+Gary L Lynn,    38 N 6th St,    Sunbury, PA 17801-2347
4865049         +1 M T Plaza,    Buffalo, NY 14203-2309
4872937         +M&T BANK,   PO BOX 1508,    BUFFALO, NY 14240-1508
4865044         +PO Box 6275,    Sioux Falls, SD 57117-6275
4865043          Sears,   PO Box 6275,   Sioux Falls SD 57117-6275
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
4865042         +EDI: CITICORP.COM Apr 15 2020 23:28:00      Citibank Home Depot,    PO Box 6497,
                  Sioux Falls , SD 57117-6497
4865045         +EDI: WFNNB.COM Apr 15 2020 23:28:00      Comenity Bank BonTon,    PO Box 182789,
                  Columbus, OH 43218-2789
4865046          EDI: IRS.COM Apr 15 2020 23:28:00      Internal Revenue Service,    P O Box 7346,
                  Philadelphia, PA 19101-7346
4865041          EDI: JPMORGANCHASE Apr 15 2020 23:28:00      Chase Credit Card,    PO Box 15298,
                  Wilmington, DE 19850
4876569          E-mail/Text: camanagement@mtb.com Apr 15 2020 19:44:25        M&T Bank,   P.O. Box 840,
                  Buffalo, NY 14240-0840
4865047          E-mail/Text: camanagement@mtb.com Apr 15 2020 19:44:25        M T Bank,   B 4 13,   1 M T Plaza,
                  Buffalo, NY 14203
4895723         +EDI: MID8.COM Apr 15 2020 23:28:00      MIDLAND FUNDING LLC,
                  MIDLAND CREDIT MANAGEMENT, INC. as agent,    for MIDLAND FUNDING LLC,    PO Box 2011,
                  Warren, MI 48090-2011
4913829          EDI: PRA.COM Apr 15 2020 23:28:00      Portfolio Recovery Associates, LLC,    POB 12914,
                  Norfolk VA 23541
4876439          EDI: Q3G.COM Apr 15 2020 23:28:00      Quantum3 Group LLC as agent for,    Comenity Bank,
                  PO Box 788,    Kirkland, WA 98083-0788
4865050         +EDI: RMSC.COM Apr 15 2020 23:28:00      Synchrony Bank JC Penney,    PO Box 965060,
                  Orlando, FL 32896-5060
4865051         +EDI: RMSC.COM Apr 15 2020 23:28:00      Synchrony Bank Lowes,    PO Box 965005,
                  Orlando, FL 32896-5005
                                                                                              TOTAL: 11

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
4865048         M T Bank
                                                                                      TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 17, 2020                                Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 15, 2020 at the address(es) listed below:
              Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
              James    Warmbrodt     on behalf of Creditor    M&T BANK bkgroup@kmllawgroup.com
              Robert   Spielman    on behalf of Debtor 1 Gary L Lynn bobspielman@yahoo.com,  rssecty@yahoo.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                              TOTAL: 4
```

| **Information to identify the case:** | | |
|---|---|---|
| Debtor 1 | Gary L Lynn<br>First Name    Middle Name    Last Name | Social Security number or ITIN   xxx–xx–6402<br>EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2<br>(Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN   _ _ _ _<br>EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   Middle District of Pennsylvania | | |
| Case number:   4:16–bk–05051–RNO | | |

# Order of Discharge     12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Gary L Lynn

4/15/20

**By the court:**

*[signature]*

Honorable Robert N. Opel, II
United States Bankruptcy Judge
By: PatriciaRatchford, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**